```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
                                                    X

MUHAMMAD ABDUL-RAHMAN,

                    Plaintiff,
     -against-                                          MEMORANDUM
                                                        AND ORDER
BROOKLYN HOSPITAL & ITS AGENTS,                         05-CV-2996 (CBA)(LB)

                    Defendants.
                                                    X
```

AMON, United States District Judge:

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that defendants failed to hire him for security officer positions at Brooklyn Hospital based on discrimination. Plaintiff seeks damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but the complaint is dismissed without prejudice for the reasons set forth below.

**Standard of Review**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004).

**Background**

Plaintiff alleges that he was qualified for the positions for which he applied nine times at defendant hospital between 1990 and 2005. Plaintiff alleges that although he was qualified for these positions and received a "Certificate of Good Conduct" on May 1, 2001 which removed "all legal bars and disabilities to employment," he was not hired for these positions because he has been convicted of a felony and is a "direct descendent of the American Holocaust (Slavery)." Complaint at ¶ 4, Exhibit A.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Complaint at ¶ 3. In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." <u>Pitchell v. Callan</u>, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." <u>Id.</u>

Plaintiff fails to allege that Brooklyn Hospital and its employees act under color of state law within the meaning of 42 U.S.C. § 1983. The mere fact that a hospital is incorporated under the laws of the State of New York or licensed to do business in New York, <u>see</u> Complaint, ¶ 2, does not make it a state actor. <u>See</u> <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982) (holding mere fact of state regulation insufficient to make nursing home a state actor). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. <u>See</u> <u>Brentwood Academy v. Tennessee</u>, 531 U.S. 288, 304–05 (2001) (discussing whether athletic association was state actor within reach of § 1983); <u>American Mfrs. Mut. Ins. Co. V. Sullivan</u>, 526 U.S. 40,

49 (1999) (stating § 1983 claim requires deprivation committed under color of state law); Blum, 457 U.S. at 1002 (stating purely private conduct "however discriminatory or wrongful" not actionable under Fourteenth Amendment); Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action). Therefore, plaintiff fails to state a claim under § 1983 against Brooklyn Hospital or its agents. The complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Liberally construing plaintiff's complaint, to the extent plaintiff seeks to file a claim for employment discrimination based on national origin, he must first exhaust administrative remedies. Title VII provides that "every person, whether a citizen or not, has a right to be free from discrimination in employment on the basis of race, color, gender, national origin, or religion." 42 U.S.C. § 2000e-3(a). As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir.2001) (per curiam); Francis v. City of New York, 235 F.3d 763, 768 (2d Cir.2000). Since plaintiff does not allege that he filed a charge of discrimination with the EEOC, he cannot pursue a claim under Title VII in federal court.

**Conclusion**

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). If plaintiff can remedy the noted deficiencies in the

3

complaint, he may do so by filing an amended complaint within thirty days of the date of this order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and that *in forma pauperis* status therefore is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

|  |  |
|---|---|
| Dated:  Brooklyn, New York<br>        October 25, 2005 | CAROL BAGLEY AMON<br>United States District Judge |